# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-469V
Filed: January 25, 2019
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LAURA CECHANOWICZ, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \*    Attorneys' fees and costs |
| | \*    decisions; Reasonable attorneys' |
| | \*    fees and costs; duplicative billing; |
| SECRETARY OF HEALTH | \*    excessive billing |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Danielle A. Strait</u>, Seattle, WA, for petitioner.
<u>Darryl R. Wishard</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 3, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that the human papillomavirus ("HPV") vaccine she received on May 27, 2011 caused her rheumatoid arthritis ("RA"). Pet.

On April 30, 2018, the parties filed a stipulation in which they agreed to settle this case. On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. On May 9, 2018, the parties filed a joint notice not to

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

seek review.  On May 10, 2018, judgment entered.

On November 5, 2018, petitioner filed an unopposed motion for an extension of time to file an application for attorneys' fees and costs.  On November 6, 2018, the undersigned granted petitioner's motion.

On November 19, 2018, petitioner filed an application for attorneys' fees and costs, requesting $57,602.70 in attorneys' fees and $34,851.40 in attorneys' costs, for a total request of $92,454.10.  Petitioner did not incur personal costs related to the litigation of this matter.

On November 20, 2018, respondent filed a response to petitioner's motion.  Doc 73.  Respondent stated, that to the extent petitioner's motion requires a response from respondent since neither the Vaccine Act nor Vaccine Rule 13 explicitly requires respondent file a response, "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 1-2.  Respondent respectfully requested that the undersigned rely on her prior experience and exercise her discretion to determine a reasonable award for attorneys' fees and costs.  Id. at 2-3.

On November 21, 2018, petitioner filed a reply to respondent's response to petitioner's motion for attorneys' fees and costs, basically consisting of criticism of respondent for not participating in the evaluation of petitioner's application for attorneys' fees and costs beyond saying that petitioner should receive them.  Doc 74.

On January 23, 2019, the undersigned issued an Order asking petitioner to provide additional explanation and documentation to support petitioner's application for attorneys' fees and costs.  On January 24, 2019, petitioner filed supplemental costs information in compliance with the Order.

This matter is now ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).  Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

It is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Additionally, the undersigned has previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication.  Soto v. Sec'y of HHS, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); Carcamo v. Sec'y of HHS, No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance with what the other special masters have awarded Maglio Firm attorneys and paralegals, except for the attorney rates for Ms. Amber Wilson.  Petitioner's request for an hourly rate of $295 for 2015 and $308 for 2017 for Ms. Wilson's work will be reduced to an hourly rate of $225 for 2015 and $290 for 2017, which reflects what the Office of Special Masters has previously awarded Ms. Wilson based on her experience and work with the Vaccine Program.  This rate reduction results in a deduction of **$257.60** of the total attorneys' fees award.

After reviewing the billing records, the undersigned finds that counsel included entries that are deemed excessive and duplicative.  Counsel included time billed for reviewing electronic notices of minute entries, which essentially are boilerplate language generated by CMECF to memorialize a conference or hearing involving the Court and the parties.  Even billing the minimum 0.1 hours for review of such entries is, in the undersigned's experience, likely excessive.  See Krieg v. Sec'y of HHS, No. 16-1226V, 2018 WL 6427133, at *3 (Fed. Cl. Spec. Mstr. Nov. 2, 2018).  Moreover, counsel requested an award of fees for time where both attorneys and paralegals billed for reviewing the same orders.  Notably, some of the orders that were double-billed were straightforward orders concerning future filing dates.  This task does not take 0.1 hour to review nor does it require both an attorney and paralegal to complete.  As the undersigned has noted in the past, these types of entries are duplicative and excessive.  For all these reasons, the undersigned will reduce the total amount of attorneys' fees awarded by 5%, resulting in a further deduction of **$2,867.26**.

Attorneys' costs must be reasonable as well.  See Perreira, 27 Fed. Cl. at 34 ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").  According to petitioner's additional documentation, the cost for Lexis research was actually $246.50 and not $247.25 as requested in petitioner's application.  Ex. 45, at 12 and Ex. 40, at 2.  The undersigned will adjust the total attorneys' costs according to this slight difference.  Further, petitioner requested reimbursement for expenses incurred by petitioner's life care planner in association with a site visit on May 15, 2017, where he dined at The Stinking Rose.  While it is reasonable to award for meal expenditures, it is unreasonable to award costs for souvenir purchases.  Accordingly, attorneys' costs total award will be reduced by **$60.40**.  The remainder of attorneys' costs are reasonable.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. The court awards **$89,268.84**, representing $54,477.84 in attorneys' fees and $34,791 in attorneys' costs, in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 25, 2019                                         /s/ Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.